# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Landaya Floyd, Administratrix of The Estate of Zyaire D. Floyd

**DEFENDANTS**

City of Philadelphia, Kevin Bethel, James Kimrey, Jeremy Elliot, and Timothy Esack

**(b)** County of Residence of First Listed Plaintiff    Philadephia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadephia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian Zeiger, 1500 JFK BLVD, Suite 620, Philadelphia PA 19102 , 215-546-0304

Attorneys *(If Known)*

Brooke Floyd, 1515 Arch Street, Philadelphia PA, 19102, 215-683-5008.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
alleged civil rights violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   Apr 8, 2025

SIGNATURE OF ATTORNEY OF RECORD   /s/ Brooke S. Floyd

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, Pennsylvania _____

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?                                                                              Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                        Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                                                                                                Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                                    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A.   Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☑ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  **\*see certification below\***
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

***B.   Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Landaya Floyd, Administratrix of the Estate of | : | |
| Zyaire D. Floyd | : | **Civil Action** |
| Plaintiff | : | **NO.** |
| | : | |
| v. | : | **Formerly** |
| | : | |
| City of Philadelphia, | : | **PHILADELPHIA COUNTY** |
| Chief of Police for the City of Philadelphia | : | **COURT OF COMMON PLEAS** |
| Kevin Bethel, | : | **TRIAL DIVISION** |
| Captain James Kimery, | : | |
| PO Jeremy Elliot, and | : | **NO. 241100396** |
| PO Timothy Esack | : | |
| Defendants | : | |

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. §1441, Defendant City of Philadelphia, (hereinafter "Petitioner") through his counsel, Brooke S Floyd, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendant states the following:

1. On November 4, 2024, Plaintiff initiated this action by filing a Praecipe to Issue Writ of Summons, docketed as No 241100396, naming Petitioner as defendant. *See* Exhibit A.

2. On March 10, 2025, Plaintiff initiated this action by Complaint in the Court of Common Pleas in Philadelphia, November Term, 2024; No. 241100396. *See* Exhibit B.

3. On April 3, 2025, Plaintiff served the Complaint on Defendants City of Philadelphia, Kevin Bethel, James Kimery, Jeremy Elliot and Timothy Esack.

4. Under Count III, Plaintiff seeks relief against the petitioner, City of Philadelphia pursuant to 42 U.S.C. § 1983. *See* Ex. B at p. 11-13

5. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

7.  True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit C, will be served upon the Plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C § 1446(d).

8.  In filing this Notice of Removal, the petitioner does not waive any available defenses in this action.

**Wherefore**, Petitioner the City of Philadelphia respectfully request that the captioned action be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted

Date: <u>April 8, 2025</u>

<u>/s/ *Brooke S. Floyd*          </u>
Brooke S. Floyd. Esquire
Assistant City Solicitor
Pa. Attorney ID No. 333856
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5008
Brooke.S.Floyd@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Landaya Floyd, Administratrix of the Estate of** | : | |
| **Zyaire D. Floyd** | : | **Civil Action** |
| **Plaintiff** | : | **NO.** |
| | : | |
| **v.** | : | **Formerly** |
| | : | |
| **City of Philadelphia,** | : | **PHILADELPHIA COUNTY** |
| **Chief of Police for the City of Philadelphia** | : | **COURT OF COMMON PLEAS** |
| **Kevin Bethel,** | : | **TRIAL DIVISION** |
| **Captain James Kimery,** | : | |
| **PO Jeremy Elliot, and** | : | **NO. 241100396** |
| **PO Timothy Esack** | : | |
| **Defendants** | : | |

**JURY TRIAL DEMANDED**

## <u>NOTICE OF FILING OF REMOVAL</u>

TO:   Brian Zieger, Esquire
      The Zieger Firm
      Two Penn Center
      1500 JFK BLVD
      Suite 620
      Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on April 8, 2025 the defendant, City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

Respectfully submitted

Date: <u>April 8, 2025</u>                    <u>/s/ Brooke S. Floyd</u>
                                      Brooke S. Floyd. Esquire
                                      Assistant City Solicitor
                                      Pa. Attorney ID No. 333856
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 14th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5008
                                      Brooke.S.Floyd@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Landaya Floyd, Administratrix of the Estate of | : | |
| Zyaire D. Floyd | : | **Civil Action** |
| Plaintiff | : | **NO.** |
| | : | |
| v. | : | **Formerly** |
| | : | |
| City of Philadelphia, | : | **PHILADELPHIA COUNTY** |
| Chief of Police for the City of Philadelphia | : | **COURT OF COMMON PLEAS** |
| Kevin Bethel, | : | **TRIAL DIVISION** |
| Captain James Kimery, | : | |
| PO Jeremy Elliot, and | : | **NO. 241100396** |
| PO Timothy Esack | : | |
| Defendants | : | |

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I, Brooke S Floyd, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO: Brian Zieger, Esquire
    The Zieger Firm
    Two Penn Center
    1500 JFK BLVD
    Suite 620
    Philadelphia, PA 19102

Respectfully submitted

Date: <u>April 8, 2025</u>

<u>/s/ Brooke S. Floyd</u>
Brooke S. Floyd. Esquire
Assistant City Solicitor
Pa. Attorney ID No. 333856
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5008
Brooke.S.Floyd@phila.gov

Exhibit "A"

# Commonwealth of Pennsylvania

### COUNTY OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
04 NOV 2024 11:50 am
L. BREWINGTON*

## COURT OF COMMON PLEAS
Trial Division

_____TERM, 20_____

NO._____

Plaintiff(s) Name(s) & Address(es)

Defendant(s) Name(s) & Address(es)

## PRAECIPE FOR WRIT OF SUMMONS

TO THE OFFICE OF JUDICIAL RECORDS:

    Kindly issue a Writ of Summons in the above captioned civil action.

Date: _____

*Brian Zeiger*
_____
*Signature of Attorney or Plaintiff(s)*

_____
Print Name

_____
Address

_____
Phone Number

Case ID: 241100396

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records 04 NOV 2024 11:56 am L. BREWINGTON*

_____    :    COURT OF COMMON PLEAS
*Plaintiff*                        :
                                   :    _____Term, 20_____
                                   :
           vs.                     :
                                   :    No._____
                                   :
_____    :
*Defendant*                        :


To[1]



# Writ of Summons


You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*




Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*


By: _____

Date:_____

10-208 (Rev. 3/20/24)

_____
[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 241100396

# Court of Common Pleas

_____Term, 20 _____

No. _____

_____

_Plaintiff_

vs.

_____

_Defendant_

# SUMMONS

Case ID: 241100396

Exhibit "B"

LEVIN & ZEIGER LLP
BRIAN J. ZEIGER
NO:  87063
TWO PENN CENTER
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PA 19102
215-546-0340
zeiger@levinzeiger.com

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED



| | |
|---|---|
| Landaya Floyd, Administratrix of the Estate of Zyaire D. Floyd | COURT OF COMMON PLEAS |
| 13 S. Salford St. Philadelphia, PA 19139, | PHILADELPHIA COUNTY |
|    Plaintiff | TRIAL BY JURY DEMANDED |
| v. | CIVIL ACTION NO. 241100396 |
| City of Philadelphia c/o Law Department One Parkway, 15th Floor 1515 Arch Street Philadelphia, PA 19102, | |
| Chief of Police for the City of Philadelphia, Kevin Bethel c/o Law Department One Parkway, 15th Floor 1515 Arch Street Philadelphia, PA 19102, | |
| Captain James Kimrey c/o Law Department One Parkway, 15th Floor 1515 Arch Street Philadelphia, PA 19102, | |
| PO Jeremy Elliot Badge No. 7480 c/o Law Department One Parkway, 15th Floor 1515 Arch Street Philadelphia, PA 19102, | |

1

Case ID: 241100396

```
                                        :
PO Timothy Esack                        :
Badge No. 4237                          :
c/o Law Department                      :
One Parkway, 15th Floor                 :
1515 Arch Street                        :
Philadelphia, PA 19102,                 :
              Defendants.               :
```

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701

2

Case ID: 241100396

LEVIN & ZEIGER LLP                          ATTORNEYS FOR PLAINTIFF
BRIAN J. ZEIGER
NO:  87063                                  JURY TRIAL DEMANDED
TWO PENN CENTER
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PA 19102
215-546-0340
zeiger@levinzeiger.com

_____

|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| Landaya Floyd, Administratrix of the         | : | COURT OF COMMON PLEAS    |
| Estate of Zyaire D. Floyd                    | : |                          |
| 13 S. Salford St.                            | : | PHILADELPHIA COUNTY      |
| Philadelphia, PA 19139                       | : |                          |
|              Plaintiff.                      | : | TRIAL BY JURY DEMAND     |
|                                              | : |                          |
|              v.                              | : | CIVIL ACTION NO. 241100396 |
|                                              | : |                          |
| City of Philadelphia                         | : |                          |
| c/o Law Department                           | : |                          |
| One Parkway, 15th Floor                      | : |                          |
| 1515 Arch Street                             | : |                          |
| Philadelphia, PA 19102,                      | : |                          |
|                                              | : |                          |
| Chief of Police for the City of              | : |                          |
| Philadelphia, Kevin Bethel                   | : |                          |
| c/o Law Department                           | : |                          |
| One Parkway, 15th Floor                      | : |                          |
| 1515 Arch Street                             | : |                          |
| Philadelphia, PA 19102,                      | : |                          |
|                                              | : |                          |
| Captain James Kimrey                         | : |                          |
| c/o Law Department                           | : |                          |
| One Parkway, 15th Floor                      | : |                          |
| 1515 Arch Street                             | : |                          |
| Philadelphia, PA 19102,                      | : |                          |
|                                              | : |                          |
| PO Jeremy Elliot                             | : |                          |
| Badge No. 7480                               | : |                          |
| c/o Law Department                           | : |                          |
| One Parkway, 15th Floor                      | : |                          |
| 1515 Arch Street                             | : |                          |
| Philadelphia, PA 19102,                      | : |                          |

3

Case ID: 241100396

|                              |   |
|------------------------------|---|
| PO Timothy Esack             | : |
| Badge No. 4237               | : |
| c/o Law Department           | : |
| One Parkway, 15th Floor      | : |
| 1515 Arch Street             | : |
| Philadelphia, PA 19102,      | : |
|           Defendants.        | : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorney, Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1.      Plaintiff alleges civil rights violations under 42 U.S.C. § 1983; this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.      Plaintiff alleges state court claims under Pennsylvania law; this Court has jurisdiction pursuant to 28 U.S.C. § 1367, as supplemental or pendent jurisdiction.

3.      Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      At all times relevant hereto, Plaintiff Landaya Floyd, Administrator of the Estate of Zyaire D. Floyd, is an adult resident of Philadelphia, Pennsylvania who lives at 13 S. Salford St., Philadelphia, PA 19139.

5.      Defendant City of Philadelphia is located at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102.

4

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

6.     Chief of Police for the City of Philadelphia, Kevin Bethel (hereinafter "Chief Bethel"), and Captain James Kimrey are believed to be adult citizens of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102. Defendants Bethel and Defendant Kimrey are being sued in their official capacity only.

7.     Police Officer Jeremy Elliot, Badge No. 7480, is believed to be an adult male citizen of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102. Defendant Elliot is being sued in his individual capacity.

8.     Police Officer Timothy Esack, Badge No. 4237, is believed to be an adult male citizen of Pennsylvania conducting business at One Parkway, 15th Floor, 1515 Arch Street, Philadelphia, PA 19102. Defendant Esack is being sued in his individual capacity.

9.     At all times material hereto, the defendant police officers acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Defendant City of Philadelphia.

**FACTUAL BACKGROUND**

10.    On or about July 10, 2023 at 2:04 a.m., Plaintiff's decedent was lawfully present at or about the area of 7400 Hill Road, Philadelphia, PA.

11.    Defendants Elliot and Esack were intentionally conducting a high-speed chase of Amir Brown.

12.    Defendants Elliot and Esack were acting based on their belief that Amir Brown had stolen a silver Hyundai.

13.    However, upon pursuit and high-speed chase of Amir Brown in the allegedly stolen

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

Hyundai, the Defendants encountered a silver Kia they believed was also stolen; they began an unauthorized high-speed chase of both vehicles.

14.    During the unauthorized chase of both of the above vehicles, the Hyundai crashed.

15.    A passenger in the Hyundai attempted to exit the crashed vehicle.

16.    The passenger was Plaintiff's decedent.

17.    As Plaintiff's decedent attempted to escape the Hyundai, the Defendants continued their unauthorized high-speed chase; this caused the Kia to crash at or near the passenger side door of the Hyundai, killing the decedent.

18.    Defendants Elliot and Esack willfully violated applicable Philadelphia police department regulations regarding high-speed chases and/or vehicle pursuits.

19.    Defendants Elliot and Esack used deadly force on the pursued vehicle.

20.    During the pursuit of Mr. Brown, Defendants Elliot and Esack intentionally, recklessly, or negligently caused a motor vehicle crash.

21.    Defendants Elliot and Esack sped up to Mr. Brown and the other vehicle.

22.    Defendants Elliot and Esack maintained a speed well above the lawful speed limit.

23.    Based upon information and belief, Defendants Elliot and Esack were traveling at a speed in excess of 55 mph, in a 25 mph zone.

24.    The location of the incident, at or near 740 Hill Road, Philadelphia, PA, is a very densely populated area.

25.    Defendants Elliot and Esack did not activate their lights, sirens, or horn during the majority of the chase.

26.    Towards the end of the chase, Defendants Elliot and Esack finally activated their lights.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

27.    Plaintiff's decedent was a passenger in the car at the time of the motor vehicle crash; the decedent was never in possession or control of the vehicle.

28.    Mr. Floyd was killed during the automobile crash.

29.    Mr. Floyd was an innocent bystander.

30.    Further, Defendants Elliot's and Esack's actions were in direct violation of Philadelphia Police Department Directive 9.4: Vehicular Pursuits.

31.    More specifically, Defendants violated 9.4 1(B):

> B. Justification for Initiating a Vehicular Pursuit
>> 1. An officer is justified in initiating a vehicular pursuit only when they are:
>>> a. In close proximity to a suspect's vehicle and believes a pursuit is necessary to prevent the death or serious bodily injury of another person, or
>>> b. In close proximity to a suspect's vehicle and believes BOTH:
>>>> 1) The pursuit is necessary to effect the arrest or prevent escape, AND
>>>> 2) The officer has probable cause to believe that the person being pursued has committed or attempted a forcible felony OR, has probable cause to believe that the person being pursued possesses a deadly weapon, other than the vehicle itself.

32.    And, more specifically, Defendants violated 9.4 3(J):

> 3. General Pursuit Procedures and Guidelines
> …
> J. All marked radio patrol sedans engaged in a pursuit must have, and will operate the police vehicle with emergency equipment activated continuously throughout the pursuit. This includes both lights and sirens.
>
> NOTE: Sworn personnel are reminded to use extreme caution when approaching any intersection during a pursuit and only proceed if clear of both vehicles and pedestrians.

33.    The conduct of Defendants Elliot and Esack was intended to injure in a manner that was unjustified by any government interest—the conduct of Defendants Elliot and Esack shocks

7

Case ID: 241100396

the conscience.

34.    Accordingly, Defendant City of Philadelphia failed to train and supervise Defendants Elliot and Esack regarding vehicular pursuits.

35.    At the time of the incident, Defendants Bethel and Kimrey were responsible for training and supervising Defendants Elliot and Esack regarding high-speed vehicle pursuits, and failed to properly train and supervise Defendants Elliot and Esack.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANTS BETHEL AND KIMREY**

36.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein at length.

37.    Chief Bethel and Captain Kimrey failed to have an adequate policy in place governing police pursuits for their officers; they failed to properly train their officers in the conduct of such pursuits; and they failed to properly supervise Defendants Elliot and Esack, before and during the aforementioned pursuit, thereby violating decedent's rights under the Fourteenth Amendment to the Constitution of the United States of America and under 42 U.S.C. §1983.

38.    Chief Bethel and Captain Kimrey negligently and with deliberate indifference created a dangerous situation, thereby directly causing the decedent's death, which is a violation of his rights under the laws and the Constitution of United States of America, specifically the Due Process Clause of the Fourteenth Amendment and 42 U.C.S. §1983.

39.    As a direct and proximate result of the aforesaid acts of Chief Bethel and Captain Kimrey, which were committed under color of their authority for the City of Philadelphia, the decedent suffered grievous bodily injury and death which is a violation by said Defendants of the

8

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

laws and the Constitution of the United States of America, in particular, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, which makes said Defendants liable to the Plaintiff.

40.    The acts committed by Chief Bethel and Captain Kimrey, with deliberate indifference and constituting a state-created danger, caused the previously described injuries to the decedent in violation of his constitutional rights as set forth in the above paragraphs.

41.    Chief Bethel and Captain Kimrey, in their supervisory capacity over Defendants Elliot and Esack, as set forth above and based upon her knowledge of other prior misconduct of Defendants Elliot and Esack pertaining to interacting with the public and inappropriately operating their police cruiser while on duty, and their failure to discipline or properly train Defendants Elliot and Esack prior to the subject collision, constitutes an acquiescence to Defendants Elliot and Esack's violation of the decedent's rights.

42.    Chief Bethel and Captain Kimrey, in their roles as policymakers for the City of Philadelphia Police Department, with deliberate indifference to the consequences, established, implemented, and maintained a policy or custom of inadequate training and therefore caused Defendants Elliot and Esack to conduct a high-speed pursuit in an unsafe manner that deprived the decedent of life and liberty, which directly caused the constitutional harm to the decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million Dollars ($1,000,000.00) together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT II
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. 1983

9

Case ID: 241100396

## PLAINTIFF v. DEFENDANTS ELLIOT AND ESACK

43.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

44.    Defendants Elliot and Esack engaged in an unlawful high-speed pursuit of a vehicle in pursuit of Brown in the streets of Philadelphia, thereby violating Plaintiff's decedent's rights under the laws and the Constitution of the United States of America and, in particular, the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

45.    Defendants Elliot and Esack, intentionally, recklessly, and unnecessarily with deliberate indifference created a dangerous situation, thereby directly causing the death of Plaintiff's decedent, which is a violation of his rights under the laws and the Constitution of the United States and, in particular, the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

46.    As a direct and proximate result of the aforesaid acts of Defendants Elliot and Esack, which were committed under color of their authority as City of Philadelphia Police Officers, Plaintiff's decedent suffered grievous bodily injury and death, which is a violation by the Defendants of the laws and the Constitution of the United States of America, in particular, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, all of which makes Defendants Elliot and Esack liable to the Plaintiff's decedent.

47.    The acts committed by Defendants Elliot and Esack constitute deliberate indifference and state-created danger upon Plaintiff's decedent, which caused the previously described injuries to Plaintiff's decedent. The actions of Defendants Elliot and Esack shock the conscience, the harm caused to Plaintiff's decedent was foreseeable and direct, and Plaintiff's decedent was a

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

foreseeable victim. Defendants' actions were an affirmative use of their authority in a way that created danger to citizens, including Plaintiff's decedent, that rendered him more vulnerable to danger than had Defendants Elliot and Esack not acted at all, all in violation of the Fourteenth Amendment of the Constitution of the United States of America.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million Dollars ($1,000,000.00) together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

### COUNT III
### MONELL CLAIM - 42 U.S.C. § 1983
### PLAINTIFF v. DEFENDANT CITY OF PHILADELPHIA

48.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

49.    Defendant City of Philadelphia, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

50.    The decisionmakers of City of Philadelphia—including, but not limited to, the Chief of Police, the captain of the 5th District Philadelphia Police Department, and Defendants Elliot's and Esack's direct supervisors on the night in question—made, enforced, or turned a blind eye to the defective policies, procedures, and customs.

51.    Defendant City of Philadelphia, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

52.    Defendant City of Philadelphia, through its police department, did not establish an adequate policy regarding high-speed vehicle pursuits.

53.    Defendant City of Philadelphia, through its police department, did not properly establish a policy and train its police force on when and how to conduct a high-speed vehicle pursuit.

54.    Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourth Amendment and Fourteenth Amendment of the Constitution of the United States.

55.    Defendant City of Philadelphia knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff's decedent, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom, and practice, and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

56.    By failing to take action to stop or limit the policy and/or custom and/or practice and by remaining deliberately indifferent to the systematic abuse that occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

57.    The conduct of Defendant City of Philadelphia and/or the conduct of Defendant's employees or agents, and/or policymaker for Defendant City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff's decedent.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Million Dollars ($1,000,000.00) together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

### COUNT IV
### PENNSYLVANIA LAW – NEGLIGENCE
### PLAINTIFF v. DEFENDANTS ELLIOT AND ESACK

58.    The allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully herein.

59.    Defendants Elliot and Esack breached a duty of care owed to Plaintiff's decedent by operating the vehicle carelessly and negligently by:

a.  Causing the vehicle driven by Brown to hit and strike Plaintiff's decedent;

b.  failing to observe traffic conditions;

c.  failing to maintain an assured clear distance between their vehicle and other vehicles in traffic;

d.  failing to reduce speed when necessary;

e.  failing to keep a lookout for other persons lawfully upon the roadway;

f.  failing to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;

g.  failing to avoid the collision;

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

h.   speeding, by traveling in excess of 55 mph in a 25 mph zone;

i.   failing to exercise reasonable care in the operation of the motor vehicle under the

circumstances; and

j.   failing in other respects not now known to the Plaintiff, but which may become known

prior to or at the time of trial.

60.    The Defendants' actions and omissions on the day in question were the proximate

cause of Plaintiff's decedent's death, injuries, and damages.

61.    As a direct and proximate result of the Defendants' negligence, Plaintiff's decedent

suffered and underwent great pain and continued to do so until he died.

WHEREFORE, Plaintiff requests the following in a sum in excess of five hundred

thousand dollars ($500,000) plus costs and all other appropriate relief, to wit:

a.   Compensatory damages; and

b.   Such other and further relief as appears reasonable and just.

## COUNT V
## PENNSYLVANIA LAW – VICARIOUS LIABILITY – RESPONDEAT SUPERIOR
## PLAINTIFF v. CITY OF PHILADELPHIA

62.  The allegations set forth in the foregoing paragraphs are incorporated by reference as if

fully set forth herein.

63. Upon information and belief, Defendant City of Philadelphia employed and/or hired

Defendants Elliot and Esack to operate the vehicle on their behalf.

64.  Defendants Elliot and Esack operated the vehicle at the time of the incident during the

course of and within the scope of their employment with Defendant City of Philadelphia.

65.  Defendants Elliot's and Esack's operation of the vehicle was for the purpose of

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

benefitting Defendant City of Philadelphia.

66.  Defendant City of Philadelphia is vicariously liable for Defendants Elliot's and Esack's

negligence as noted above, and Plaintiff herein makes a claim for the damages as noted above.

67.  Plaintiff makes a claim for such injuries, damages and consequences resulting from the

incident of which he has no present knowledge.

WHEREFORE, Plaintiff requests the following in a sum not in excess of five hundred

thousand dollars ($500,000.00), plus costs, delay damages and all other appropriate relief, to wit:

    a.  Compensatory damages; and

    b.  Such other and further relief as appears reasonable and just.

                 Respectfully submitted,

                 */s/ Laura Zipin*
                 LAURA ZIPIN, ESQUIRE
                 Pa. ID No. 324914

                 */s/ Brian J. Zeiger*
                 BRIAN J. ZEIGER, ESQUIRE
                 Pa. ID No. 87063

                 Levin & Zeiger, LLP
                 Two Penn Center
                 1500 JFK Blvd, Suite 620
                 Philadelphia, PA 19102
                 (215) 546-0340

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

Case ID: 241100396

Exhibit "C"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Landaya Floyd, Administratrix of the Estate of** | : | |
| **Zyaire D. Floyd** | : | **Civil Action** |
| **Plaintiff** | : | **NO.** |
| | : | |
| **v.** | : | **Formerly** |
| | : | |
| **City of Philadelphia,** | : | **PHILADELPHIA COUNTY** |
| **Chief of Police for the City of Philadelphia** | : | **COURT OF COMMON PLEAS** |
| **Kevin Bethel,** | : | **TRIAL DIVISION** |
| **Captain James Kimery,** | : | |
| **PO Jeremy Elliot, and** | : | **NO. 241100396** |
| **PO Timothy Esack** | : | |
| **Defendants** | : | |

**JURY TRIAL DEMANDED**

## NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted

Date: <u>April 8, 2025</u>                    <u>/s/ Brooke S. Floyd</u>
                                               Brooke S. Floyd. Esquire
                                               Assistant City Solicitor
                                               Pa. Attorney ID No. 333856
                                               City of Philadelphia Law Department
                                               1515 Arch Street, 14th Floor
                                               Philadelphia, PA 19102
                                               (215) 683-5008
                                               Brooke.S.Floyd@phila.gov